UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Scott Wagner<br><br>    Plaintiff,<br><br>v.<br><br>GC Services, LP<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Scott Wagner, ("Scott"), is a natural person who resided in Pasadena, Texas, at all times relevant to this action.

2. Defendant, GC Services, LP, ("GCS"), is a Delaware Limited Partnership that maintained its principal place of business in Houston, Texas, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant maintains an office in this judicial district and collects debts throughout the state of Illinois.

## STATEMENT OF FACTS

5. GCS uses a predictive dialer system.

6. Before GCS began contacting Scott, it and Scott had no prior business relationship and Scott had never provided express consent to GCS to be contacted on his cellular telephone.

7. GCS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of GCS's revenue is debt collection.

9. GCS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, GCS contacted Scott to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Scott is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, GCS willingly and knowingly used an automatic telephone dialing system to call Scott on his cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around three years ago, GCS began contacting Scott on his cellular phone in connection with the collection of the debt.

15. On numerous occasions, Scott requested GCS cease further calls to Scott.

16. Despite this request, GCS continued to contact Scott on his cellular phone in connection with the collection of the debt, most recently around November 2013.

17. On more than one occasion, GCS contacted Scott's father, ("Father"), on Father's personal home telephone in connection with the collection of the debt.

18. At the time of these communications, GCS already had Scott's location information.

19. On at least one occasion, GCS disclosed debt to Father.

20. GCS caused Scott severe emotional distress.

21. GCS attempted to collect a debt from Scott.

22. GCS violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. For such other legal and/or equitable relief as the Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

                                                Hyslip & Taylor, LLC LPA


                                                By:   /s/ Jeffrey S. Hyslip_____
                                                One of Plaintiff's Attorneys

Date: December 23, 2013

Jeffrey S. Hyslip, Esq.
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
jeffrey@lifetimedebtsolutions.com